IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT R. ZIEGLER,                    )
                                      )
                Petitioner,           )
                                      )
        vs.                           )        No. CIV-05-852-T
                                      )
RON WARD, et al.,                     )
                                      )
                Respondents.          )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on an allegation that he was denied due process in connection with a prison disciplinary proceeding.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent Ward has filed a motion to dismiss (MTD) [Doc. No. 9], alleging Petitioner has failed to exhaust available state court remedies.  Petitioner has filed a response to the motion and thus, the matter is at issue.  For the reasons set forth below, the undersigned recommends that Respondent's motion be granted.

Petitioner is currently in the custody of the Oklahoma Department of Corrections (DOC) and incarcerated at James Crabtree Correctional Center.  On March 24, 2005, Petitioner  was charged with the offense of disobedience to orders based on a refusal to accept a cell assignment, and he was found guilty of this offense following a disciplinary hearing on April 13, 2005.  Petition, Exs. 8-A and 10-A.  As part of the punishment imposed, Petitioner lost 120 days earned credits.  Petition, Ex. 10-A.  On July 13, 2005, Petitioner's conviction was affirmed by the Designee for the Director of the DOC.

Petition, Ex. 1-A.

On July 26, 2005, Petitioner filed this habeas action to challenge his disciplinary conviction alleging violations of his federal constitutional right to due process. Specifically, he alleges that there was "no evidence" to support the conviction and prison officials conspired in retaliation against Petitioner by preventing him from obtaining evidence and witnesses to use in his defense.

Respondent does not address the merits of Petitioner's claim but contends the petition should be dismissed for failure to exhaust the state court remedy recently enacted in Oklahoma and codified at Okla. Stat. tit. 57, § 564.1.

Analysis

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to 28 U.S.C. § 2241 to exhaust state court remedies prior to file a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion requirement exists as a matter of comity to give state courts the initial opportunity to address and correct alleged violations of federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). In this Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his

2

federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner ultimately bears the burden of showing that he has exhausted available state remedies. *Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000).[1]

Citing Okla. Stat. tit. 57, § 564.1, Respondent contends that this new statute which became effective on May 10, 2005, provides a remedy for Oklahoma state prisoners alleging procedural deprivations in prison disciplinary proceedings, including challenges to the sufficiency of the evidence to support the imposition of disciplinary sanctions upon inmates.[2] Respondent further contends that in light of the new statute, the Tenth

---

[1]Unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[2]Section 564.1 provides:
A. In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:
    1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.
    2. The petition shall only name the Department of Corrections as the respondent and service shall be in accordance with the rules for service under the laws of this state.
    3. The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and the answer.
    4. The court shall not consider any pleadings from any intervening parties and shall not stay the Department disciplinary process during the review of the misconduct hearing.
B. The answer of the Department shall be filed within thirty (30) days of receipt of the petition unless the court orders a special report upon motion by one party or upon its own motion.
C. The petition shall assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff.
D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
(continued...)

Circuit's decision in *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), no longer

provides precedent for denying a motion to dismiss for failure to exhaust. Respondent's

MTD at 3.  In *Gamble*, a case involving a 28 U.S.C. § 2241 petition by an Oklahoma

prisoner challenging, *inter alia*, the sufficiency of the evidence to support a disciplinary

sanction, the Tenth Circuit reviewed the then-current state of Oklahoma law on the

availability of a state court remedy and concluded that the court would "continue to

follow [its] ruling in *Wallace* [*v. Cody*, 951 F.2d 1170, 1171 (10th Cir. 1999),] that there is

no state-exhaustion requirement for Oklahoma inmates challenging the merits of a

disciplinary board revocation of earned credits where the inmate is seeking only speedier,

and not immediate release." *Gamble*, 375 F.3d 1026-27.[3]  Respondent asserts that

---

[2](...continued)
      1. Whether written notice of the charge was provided to the inmate;
      2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
      3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
      4. Whether the inmate had the opportunity to present relevant documentary evidence;
      5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;
      6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
      7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.
E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers.
The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.
F. There shall be no recovery allowed for costs and fees, providing that frivolous petitions are subject to the sanctions provided by the laws of this state.
G. Either party aggrieved by the final order of the district court on a petition for judicial review may only appeal the order to the Oklahoma Court of Criminal Appeals as set forth in the rules of such Court.

[3]In *Gamble*, the Circuit Court stated:
The [Oklahoma Court of Criminal Appeals] has . . . stressed that an inmate "cannot challenge
(continued...)

because Petitioner now has an available state court remedy, he must first exhaust his claims in accordance with the newly available remedy. Respondent's MTD at 3 (citing *Bear*, 173 F.3d at 785).

In response to Respondent's motion to dismiss, Petitioner does not assert that he has exhausted the remedy provided under the new state law. Rather, he alleges that he should not be required to utilize the remedy recently enacted by the Oklahoma legislature because the statute provides only a due process review and such review does not consider "the credibility (motives) of witnesses...." Petitioner's Response at 3. He further contends that the statutory provision does not allow for the return of lost credits or recovery for costs and fees. *Id.* These concerns regarding the adequacy of the scope of the available review and remedies do not negate the exhaustion requirement.

In his petition Petitioner contends that his due process rights were violated because the mandates of *Wolff v. McDonnell*, 418 U.S. 538 (1974), were not followed by prison officials. Petition at 7. Petitioner specifically alleges that there was insufficient evidence to support the disciplinary conviction, and that prison officials prevented him from obtaining "evidence, statements, witnesses and witness cross-examination" to defend against the charge. Petition at 7. The newly enacted statute appears to provide an available remedy for state court review of these claims, and Petitioner does not argue

---

[3](...continued)
the merits of, or appeal from, the prison officials' administrative decision that [the inmate] is guilty of prison infractions and that [he] should be punished by the revoking of earned credits" through mandamus because mandamus relief does not apply "to the full panoply of due process rights" in Oklahoma.
*Gamble*, 375 F.3d at 1026 (citing *Dunn v. Ramsey*, 936 P.2d 347, 348-49 (Okla. Crim. App. 1997)).

otherwise.

Among other procedural requirements, the newly enacted statute provides that an inmate may seek judicial review of a prison disciplinary proceeding by filing an action in state court "within ninety (90) days of the date the petitioner is notified of the final [DOC] decision in the Department disciplinary appeal process." Okla. Stat. tit. 57, § 564.1. Petitioner has provided documents showing that the DOC Director's Designee affirmed the disciplinary sanction which he is challenging herein on July 13, 2005. Respondent's motion to dismiss filed on August 26, 2005, clearly put Petitioner on notice that such state remedy was available. Petitioner does not assert that he has filed a petition for judicial review in the state court. Nevertheless, even if Petitioner has not filed such action, his remedy under § 564.1. remains available.

In sum, since the Tenth Circuit's decision in *Gamble, supra*, the Oklahoma legislature has enacted a statute specifically to provide state prisoners challenging a prison disciplinary decision a state court remedy. There is nothing to indicate that a state court action under § 564.1 is not available or that Petitioner's due process claims would not be considered by the state courts. Thus, the undersigned finds that Petitioner has failed to demonstrate that he has satisfied the exhaustion requirement or that he has "no available state avenue of redress." *Miranda*, 967 F.2d at 398. Accordingly, it is recommended that the petition be dismissed without prejudice to the filing of a new petition following exhaustion of state court remedies as to all the claims asserted in the petition.

<u>RECOMMENDATION</u>

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss the petition for failure to exhaust state court remedies [Doc. No. 9] be granted and that the petition be dismissed without prejudice. Petitioner is advised of his right to object to this Report and Recommendation by the 30th day of September, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___16___ day of September, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE