# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT R. ZIEGLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-852-T |
| | ) |
| RON WARD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2241, based on an allegation that he was denied due process in connection with a prison disciplinary proceeding. The matter was referred to United States Magistrate Judge Bana Roberts for initial review. On September 16, 2005, Judge Roberts issued a Report and Recommendation recommending that Petitioner's petition be dismissed without prejudice based on Petitioner's failure to exhaust his available state remedies. On September 27, 2005, Petitioner filed an objection to the Report and Recommendation. The matter is at issue.

In his objection, Petitioner argues that exhaustion of state remedies is not required when "state processes and certain circumstances render such process ineffective to protect the prisoner's rights." However, the authorities he cites fail to support his argument that the state process is ineffective to protect his rights. Rather, it appears the new state statute, 57 O.S. §564.1, appears to provide Petitioner a clear avenue to obtain review of the disciplinary proceeding before proceeding, if necessary, to a claim in federal court based on 28 U.S.C. §2241.

Citing <u>Rhines v. Weber</u>, __ U.S. __, 125 S.Ct. 1528 (2005), Petitioner also argues that the Court should not dismiss his petition for failure to exhaust state remedies. Rather, Petitioner argues the Court should hold his Petition in abeyance.

The Court disagrees. In <u>Rhines</u>, the Supreme Court considered whether a mixed petition (i.e., one containing both exhausted and unexhausted claims) should be dismissed or held in abeyance. The Supreme Court concluded that a district court has discretion to stay or hold in abeyance a mixed petition. However, the Supreme Court further stated that "stay and abeyance should be available only in limited circumstances" such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines</u>, 125 S.Ct. at 1535.

Petitioner's petition is not a mixed petition as the only claim stated therein is unexhausted. In addition, Petitioner has failed to demonstrate good cause for "his failure to exhaust his claims first in state court." <u>Id.</u>

Accordingly, the Court find that Petitioner's objections to the Report and Recommendation should be overruled and the Report and Recommendation adopted in its entirety. Based on the recommendations contained in the Report and Recommendation, the Court dismisses Petitioner's petition (Doc. No. 1) without prejudice to refiling once he exhausts his state remedies.

IT IS SO ORDERED this 28th day of September, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE